## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor, | : <br> : <br> : <br> : |
| Plaintiff, | :    Civil Case No. 1:19-cv-1748 <br> : |
| v. | : <br> : |
| CITYWIDE SECURITY SERVICES, INC., CLEVELAND SECURITY AND INVESTIGATIONS, INC., GEORGE LEWANDOWSKI, and LARRY MCDONALD, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## <u>COMPLAINT</u>

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Citywide Security Services, Inc. (an Ohio corporation); Cleveland Security and Investigations, Inc. (an Ohio corporation); George Lewandowski (an individual); and Larry McDonald (an individual) (collectively "Defendants") from violating the provisions of Sections 7 and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("Act"), pursuant to Section 17 of the Act; and to recover unpaid overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

### I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II.

(a)     Defendant Citywide Security Services, Inc. ("CSS") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at 5014 Fleet Avenue, Cleveland, Ohio, in Cuyahoga County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the security business and in the performance of related types of activities.

(b)     Defendant Cleveland Security and Investigations, Inc. ("CSI") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at 5014 Fleet Avenue, Cleveland, Ohio, in Cuyahoga County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the security business and in the performance of related types of activities.

(c)     Defendant George Lewandowski, an individual, resides at 3455 Clermont Avenue NW, North Lawrence, Ohio, within the jurisdiction of this Court.  Defendant Lewandowski is a shareholder of Defendants CSS and CSI and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of CSS and CSI in relation to their employees.  Defendant Lewandowski acted directly or indirectly in the interest of CSS and CSI in relation to their employees.

(d)     Defendant Larry McDonald, an individual, resides at 4092 East 72nd Street, Cleveland, Ohio, within the jurisdiction of this Court.  Defendant McDonald is a shareholder of Defendants CSS and CSI and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of CSS and CSI in relation to their employees.  Defendant McDonald acted directly or indirectly in the interest of CSS and CSI in relation to their employees.

**III.**

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

**IV.**

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

**V.**

(a)  Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Defendants only paid employees their normal, straight time wages for all hours worked, even if non-exempt employees worked in excess of forty hours in a week.  They also

3

improperly classified some employees as independent contractors and similarly failed to pay those employees overtime wages for hours worked in excess of forty in a workweek.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in commerce or in the production of goods for commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty hours, without compensating said employees for hours worked in excess of forty hours per week at rates not less than one and one-half times the regular rate at which they were employed.

## VI.

During the period since April 22, 2016, Defendants have repeatedly and willfully violated the provisions of the Act as set forth above.  A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.      For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B.      For an Order:

1.      Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated

4

damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2.      Pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C.      For an Order awarding Plaintiff the costs of this action; and

D.      For an Order granting such other and further relief as may be necessary and appropriate.

OF COUNSEL:

BENJAMIN T. CHINNI
Associate Regional Solicitor

HEMA STEELE (0081456)
Senior Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3876; Fax (216) 522-7172
*Steele.Hema@dol.gov*

5